

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

B.K.J., Inc.          :
                      :
v.                    :    Civil Action No. WMN-00-2947
                      :      (consolidated with
BALTIMORE COUNTY, MARYLAND  :  Civil Action No. WMN-00-2978)
                      :

**<u>MEMORANDUM</u>**

These two consolidated cases challenge decisions of the Board of Liquor License Commissioners for Baltimore County (Liquor Board) in which fines were imposed on Plaintiffs for violations of Rule 2 of the Rules and Regulations of the Liquor Board.  Plaintiffs have filed motions for summary judgment contending that Rule 2 is unconstitutional.  Papers No. 7 (in both actions).  Defendant has filed cross-motions for summary judgment.  Papers No. 8.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's summary judgment motions will be granted.

Plaintiffs M. Kuper, Inc. t/a Gail's Showbar & Restaurant, and B.K.J., Inc. t/a Ye Olde Mill Stream Inn are two "adult entertainment" establishments located in Baltimore County, Maryland.  Plaintiffs were cited for allowing topless dancing as well as sexual contact between dancers and patrons in their respective establishments.[1]  There is no dispute that Plaintiffs

---

[1] The violations involved dancers wearing tops or "pasties" that inadequately covered their areolas and allowing patrons to place tips in the dancers' costume or between their breasts.

violated the following provisions of Liquor Board Rule 2:

> (a) Employment or use of any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing so as to expose to view any portion of the female breast below the top of the areola or any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.

Rule 2(B)(1)(a);

> (c) Encouragement of or permitting any person on the licensed premises to touch, caress or fondle the breast, buttocks, anus or genitals or any other person.

Rule 2(B)(1)(c); and

> (b) Permitting any entertainer whose breasts and/or buttocks are exposed (subject to the restrictions of subparagraph (a) above) to perform closer than six feet from the nearest patron.

Rule 2(B)(2)(b).

Plaintiffs argue that Rule 2 is an unconstitutional infringement of their own, their employees, and their patrons rights of free expression. Because, in Plaintiffs' view, Rule 2 seeks to curtail only "erotic expression," it is not content neutral and is subject to review under a strict scrutiny standard. See Plaintiffs' motion at 18 ("The Rule's intent is not subtle; it is aimed at the expressive conduct, not the mere conduct of nudity or sex; it is aimed at and prohibits the erotic message in the expression, primarily, not incidentally or minimally."). Plaintiffs also argue, in the alternative, that

2

even if subject to the lower standard of review announced in United States v. O'Brien, 391 U.S. 367 (1968), the Rule fails to pass muster. Finally, Plaintiffs contend that the Maryland General Assembly has preempted the Liquor Board's authority to regulate adult entertainment and licensed establishment in Baltimore County.

The Court finds Plaintiffs' arguments wholly without merit. Many courts have considered similar challenges to similar restrictions on adult entertainment and upheld them as constitutional. Throughout their papers, Plaintiffs cite and rely upon dubious authority: dissenting opinions which Plaintiffs opine are "more persuasive" than the decision of the plurality;[2] partial holdings of other Supreme Court decisions that ultimately conclude that the regulations in question are constitutional;[3] and decisions of lower courts that were subsequently overturned

---

[2] Plaintiffs' Motion at 13 n. 6 (citing Erie v. PAP's AM, 120 S. Ct. 1382 (2000)).

[3] Plaintiff characterizes Barnes v. Glen Theatre, Inc., 501 U.S. 560 (1991), as an "otherwise hopelessly fragmented decision [where] eight of the nine members of the Court agreed that nude dancing, as it portrayed an erotic message, is expressive conduct and is entitled to some quantum of protection under the First Amendment." Plaintiffs' Motion at 9. In a plurality opinion, the Court overturned a decision of the Seventh Circuit that held that a municipal restriction on totally nude dancing was unconstitutional. In announcing the judgment of the Court, Chief Judge Rehnquist noted that "nude dancing of the kind sought to be performed here is expressive conduct within the outer perimeters of the First Amendment, though we view it as only marginally so." 501 U.S. at 566 (emphasis added).

by the Supreme Court.[4] Plaintiffs point the Court to no binding or even persuasive authority that supports the ultimate position that they advance, i.e., that the requirement that dancers wear pasties and g-strings and refrain from sexual contact with patrons is unconstitutional.

In contrast, Defendant cites a plethora of decisions from every level of the federal courts holding that restrictions on nude dancing, like those at issue here, are content-neutral laws subject to the mid-level scrutiny first articulated in O'Brien. Under O'Brien, courts have routinely upheld distance restrictions and bans on totally nude dancing in establishments that serve alcohol. See, e.g., Colacuricio v. City of Kent, 163 F.3d 545, 557 (9th Cir. 1998)(10 foot minimum distance is constitutional); Kev, Inc. v. Kitsap County, 793 F.2d 1053, 1061 (9th Cir. 1986)(upholding 10 foot minimum distance and prohibition on tipping); Erie, 120 S.Ct. at 1397 (concluding that requirement that dancers wear pasties and G-strings leaves ample capacity to convey the dancer's erotic message); Barnes, 501 U.S. at 572, (that a minimal requirement of pasties and a G-string did not unduly restrict the dancers' erotic expression); J & B Entertainment, Inc. v. City of Jackson, Miss., 152 F.3d 362, 378 (5th Cir. 1998)(same).

---

[4] Plaintiffs' Motion at 15 (citing Miller v. Civil City of South Bend, 904 F.2d 1081 (7th Cir. 1990), rev'd, Barnes, 501 U.S. at 563).

4

As to Plaintiffs' argument that Rule 2 is preempted by the enactment of Article 2B, § 12-204(d),[5] the General Assembly expressly stated in passing that provision that,

> this act may not be construed to affect any current rules or regulations of the Board of License Commissioners of Baltimore County or affect the authority of the Board to adopt rules or regulations concerning prohibited practices for holders of alcoholic beverages licenses.

Section 2, ch. 190, Acts 1997.

Finding no merit in Plaintiffs' challenges to the constitutionality of Rule 2, and no exemptions to its application to Plaintiffs' business establishments, the Court will grant Defendant's motion for summary judgment. A separate order will issue.

William M. Nickerson
United States District Judge

Dated: July 11, 2001.

---

[5] Section 12-204(d) bans adult entertainment in establishments licensed to serve alcohol in Baltimore County. Section 12-204(d)(4) exempts Plaintiffs and a few other Baltimore County establishments already in operation from the ban.